IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Kurt Stovall, | ) | |
| | ) | Case No. 15 C 50223 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel Grohen, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, plaintiff's motion to proceed *in forma pauperis* [3] is granted, his motion for attorney representation [5] is denied, and this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The case is terminated.

## STATEMENT

The court has received plaintiff Kurt Stovall's third amended complaint [19] in this matter. Previously, on October 2, 2015, the court dismissed plaintiff's initial complaint without prejudice and ordered him to submit an amended complaint stating a cause of action over which this court has jurisdiction [9]. Plaintiff amended his complaint on November 23, 2015 [13], which the court again dismissed without prejudice at a hearing on December 28, 2015 because plaintiff had not adequately alleged a federal cause of action [14]. On March 14, 2016, plaintiff filed a thirty-page second amended complaint, which purported to raise a claim of gender or disability discrimination [17]; the court again dismissed the complaint without prejudice because it did not contain sufficient factual allegations to support a claim of discrimination. *See* [18]. On April 25, 2016, plaintiff filed his forty-six page third amended complaint.

Plaintiff seeks to proceed *in forma pauperis* in this matter. *See* [3]. The motion is granted and the initial filing fee is waived. Under 28 U.S.C. § 1915(e)(2), the court is required to screen cases filed *in forma pauperis* and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court may screen the complaint prior to service on the defendants. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts screen *in forma pauperis* claims in the same manner as ordinary motions to dismiss under Fed. R. Civ. P. 12(b)(6).

Like his previous complaints, plaintiff's allegations are extremely confusing and ultimately contain no factual support for his underlying claims of discrimination. The court has previously described plaintiff's factual allegations, in which he claims that the Illinois Department of Human Services ("DHS") discriminated and retaliated against him when he was terminated from a program that allowed him to take paralegal classes and provided him with a bus pass. The only factual allegations the court can discern are that plaintiff's original DHS counselor was terminated and his subsequent DHS counselor terminated him after stating that it was because he was not complying with the rules of the program. According to plaintiff, the counselor informed him that his previous counselor was terminated and that he never should have been enrolled in the program. These allegations, without more, do not support a claim for gender or racial discrimination. The court has previously admonished plaintiff that sufficient factual allegations are necessary to support a discrimination claim. In its prior order, the court stressed that this would be plaintiff's final opportunity to amend his complaint. He has now failed on multiple occasions to allege sufficient facts to raise a plausible claim for discrimination, and as such his claims must be dismissed with prejudice.

Plaintiff also appears to raise a first amendment retaliation claim, but does not allege facts sufficient to raise a plausible claim that DHS actually retaliated against him for any protected speech. Like his discrimination claims, his retaliations are "supported by mere conclusory statements [and] do not suffice to state a plausible claim for relief." *See Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014). As such, they must be dismissed. Plaintiff also raises a FOIA claim, purportedly because DHS "has not fully complied" with his FOIA requests. However, it is clear from the face of plaintiff's complaint that he has not exhausted his administrative remedies prior to seeking judicial review, and as such these claims must be dismissed. *See Almy v. U.S. Dep't of Justice*, 1997 WL 267884, at *3 (7th Cir. May 7, 1997). Finally, plaintiff raises a number of state law issues, including what appears to be an appeal from a state court ruling, which do not afford this court jurisdiction without plaintiff's purported federal claims. Because plaintiff has not adequately raised any claims over which this court may exercise jurisdiction, his cause of action is dismissed with prejudice. Finally, because the facts repeatedly alleged by plaintiff do not amount to a cognizable claim for relief, the court finds that representation by counsel would be of no assistance. As such, his motion for representation [5] is denied. The case is terminated.

Date: 4/29/2016  ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)